IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-00742-PX |
| | * | |
| PATRICIA SAMPLE, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM OPINION**

Pending in this interpleader action is New York Life Insurance Company ("New York Life")'s unopposed motion for interpleader deposit and dismissal. ECF No. 11. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. On November 1, 2021, the Court granted the motion in part so that New York Life could deposit the interpleaded funds into the Court's Registry. ECF No. 15. For the following reasons, the Court now GRANTS the motion entirely.

On August 18, 2004, Larry D. Taylor ("Mr. Taylor") purchased an individual life insurance policy from New York Life. ECF No. 1-3. As sole beneficiary, he designated his wife, Defendant Dorothy Taylor ("Mrs. Taylor"). *Id.* A decade later, Mr. Taylor modified the beneficiary designation, naming Mrs. Taylor as first beneficiary and adding his daughter, Kim Carter, as second beneficiary. ECF No. 1-4. After that, Mr. Taylor made one final beneficiary change. In 2017, he named Mrs. Taylor and his sister, Patricia Sample ("Ms. Sample"), as 50/50 beneficiaries of his life insurance policy. ECF No. 1-6. At the time of Mr. Taylor's death on January 21, 2020, the policy was valued at $50,000.00. *See* ECF Nos. 1-2, 1-5.

After Mr. Taylor's death, both Mrs. Taylor and Ms. Sample asserted claims to the insurance proceeds. In March 2020, New York Life conveyed to Mrs. Taylor her 50% ($25,000.00) of the proceeds, less about $11,000.00 that Mrs. Taylor had assigned to a funeral home. *See* ECF No. 1 ¶ 17; *see also* ECF No. 1-9. It is unclear to whom the remaining $25,000.00 belongs because Mrs. Taylor asserts that Mr. Taylor lacked capacity to make the 2017 beneficiary change. *See* ECF No. 1-11.

New York Life filed this interpleader Complaint on March 23, 2021. ECF No. 1. Mrs. Taylor and Ms. Sample, both represented by counsel, have consented to New York Life's July 14, 2021 motion for deposit and dismissal. *See* ECF No. 11. Because New York Life has deposited the contested proceeds into the Court's Registry, *see* ECF No. 16, the motion is now ripe for review.

A federal district court maintains subject matter jurisdiction over an interpleader action pursuant either to Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335. Courts have termed the former "rules interpleader" and the latter "statutory interpleader." *See Gerber Life Ins. Co. v. Camara*, No. 20-02842-PX, 2021 WL 5178228, at *1 (D. Md. Nov. 8, 2021). All interpleader suits, however, proceed in two stages. The Court must first determine whether the interpleader action is proper and, if so, next must determine who among the interpleader parties receives the interpleaded funds. *See Mfrs. & Traders Trust Co. v. Del Conca USA, Inc.*, No. GJH-16-3346, 2017 WL 3175567, at *2 (D. Md. July 25, 2017). New York Life's motion concerns only the first phase—whether interpleader is proper.

A statutory interpleader is properly brought where (1) the stakeholder possesses a stake valued at $500.00 or more; (2) the stake is subject to at least two adverse claimants; (3) the adverse claimants are diverse in citizenship; (4) the stakeholder has deposited the stake in the

Court's Registry; and (5) no equitable concerns prevent the use of interpleader. *See* 28 U.S.C. § 1335(a); *see also AmGUARD Ins. Co. v. Ortiz*, No. 18-3885-CCB, 2020 WL 3971743, at *2 (D. Md. July 14, 2020). When the Court is satisfied that an interpleader action may proceed, the Court may also dismiss the stakeholder from the action and discharge it of all liability related to the distribution of the proceeds. *See Metro. Life Ins. Co. v. Smith*, No. DKC 14-3697, 2016 WL 1460475, at *3 (D. Md. Apr. 14, 2016).

Interpleader is appropriate here. The insurance proceeds are valued at more than $500.00 and are presently subject to adverse claims by citizens of different states. *See* ECF No. 1 ¶¶ 2 & 3. The interpleaded funds have also been deposited into the Court's Registry, and the Court ascertains no equitable concerns preventing the use of interpleader given that New York Life is a disinterested stakeholder that itself asserts no right to the life insurance proceeds. The unopposed motion for interpleader deposit and dismissal is therefore GRANTED.

A separate Order follows.

November 30, 2021  /s/
Date  Paula Xinis
 United States District Judge